UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYMOND PAYTON                                                          CIVIL ACTION

VERSUS                                                                  NO. 13-181

P/OFFICER D. WRIGHT, ET AL.                                             SECTION "J"(1)

**REPORT AND RECOMMENDATION**

Plaintiff, Raymond Payton, filed this civil action pursuant to 42 U.S.C. § 1983. He named as defendants New Orleans Police Officer D. Wright and Police Superintendent Ronal Serpas. In this lawsuit, plaintiff claimed that he was falsely arrested without a proper investigation on October 7, 2012.

On March 25, 2013, the claim against Serpas was dismissed with prejudice and the claim against Wright was stayed pending resolution of plaintiff's state criminal proceedings.[1] On June 11, 2013, this case was reopened at plaintiff's request for resolution of the claim against Wright.[2]

On July 23, 2013, the Court held a Spears hearing.[3] At that hearing, plaintiff testified that his state criminal proceedings were resolved when he pleaded guilty to misdemeanor domestic abuse

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 10.

[3] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

and was sentenced to six months in jail. Plaintiff stated that he is not appealing that criminal judgment.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[4] Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ...." 28 U.S.C. § 1915A(b)(1). Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous ...." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

---

[4] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Although broadly construing plaintiff's complaint and his <u>Spears</u> hearing testimony,[5] the undersigned recommends that, for the following reasons, the remaining claim against Officer Wright be dismissed.

As noted, plaintiff claims that he was falsely arrested by Officer Wright on October 7, 2012. However, because plaintiff pleaded guilty to a charge arising from that arrest, his claim is barred by are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck</u>, 512 U.S. at 486-87 (footnote omitted). <u>Heck</u> has also been extended to bar claims for declaratory and injunctive relief. <u>See, e.g.</u>, <u>Walton v. Parish of LaSalle</u>, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); <u>Collins v. Ainsworth</u>, 177 Fed. App'x 377, 379 (5th Cir. 2005); <u>Shaw v. Harris</u>, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by <u>Heck</u> are legally frivolous. <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102 (5th Cir. 1996).

---

[5] The court must liberally construe a *pro se* civil rights complaint. <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

In that plaintiff's current false arrest claim directly conflicts with his guilty plea and the resulting conviction arising from his arrest, a judgment in his favor in this federal Court would necessarily imply the invalidity of that state court conviction.  Therefore, Heck bars his false arrest claim until such time as he obtains a favorable disposition on the charge for which he currently stands convicted.  See Walter v. Horseshoe Entertainment, 483 Fed. App'x 884, 887 (5th Cir. 2012) ("In order to support a claim for unlawful arrest, a plaintiff must show that he was arrested without probable cause.  Here, the plaintiffs were arrested for crimes of which they were ultimately convicted.  Heck therefore bars recovery for the false arrest claim, because the conviction necessarily implies that there was probable cause for the arrest." (citation omitted)); see also Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir.1995); Birgans v. Louisiana, Civ. Action No. 09-0926, 2010 WL 2428026, at *2-4 (W.D. La. Apr. 26, 2010), adopted, 2010 WL 2485958 (W.D. La. June 10, 2010), appeal dismissed, 411 Fed. App'x 717 (5th Cir. 2011); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claim against Officer D. Wright be **DISMISSED WITH PREJUDICE** to its being asserted again until the Heck conditions are met.[6]

---

[6]   See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this twenty-fourth day of July, 2013.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

5